

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2010

# Michael Shemonsky v. Federal Deposit Insurance Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Michael Shemonsky v. Federal Deposit Insurance Corp" (2010). *2010 Decisions.* Paper 1757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4572
_____

MICHAEL R. SHEMONSKY,
                                    Appellant
v.

*FEDERAL DEPOSIT INSURANCE CORPORATION
*(Amended per Clerk's Order dated 2/1/10)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 93-cv-00004)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed: March 9, 2010
_____

OPINION
_____

PER CURIAM.

      Michael Shemonsky appeals pro se from the District Court's November 19,

2009 order.  We will summarily affirm.

In February 1993, the District Court ordered that Shemonsky be permanently enjoined from filing in the Eastern District of Pennsylvania any further pleadings or documents relating to this case without prior approval of the court. In November 2009, Shemonsky submitted a "Motion to Transfer to the Bankruptcy Court." The District noted that the motion was "almost incomprehensible and plainly frivolous," and did not allow Shemonsky to file the motion because he did not first seek the court's permission. His appeal from the 1993 order was dismissed for lack of jurisdiction, and we affirmed the subsequent dismissal of a 60(b) motion that he filed in violation of that order. See Shemonsky v. Resolution Trust Corp., 132 Fed. Appx. 424 (3d Cir. 2005).

The District Court's refusal to file Shemonsky's motion was proper. Because no "substantial question" is presented by this appeal, we will affirm the order of the District Court.